IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| NO STRAW, LLC & JAMES WATSON, | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 2:12-CV-0182-RWS-JCF |
| STOUT STREET FUNDING, LLC, ATLANTA PRIVATE LENDING, LLC and JAMES MELTON | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the Court on Stout Street Funding, LLC's ("Stout Street") Motion to Dismiss Plaintiffs' Complaint (Doc. 14) and Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 19). Because Count One, Two, and Three[1] of Plaintiffs' Complaint (Doc. 1), all of which arise under federal law, fail to state a claim upon which relief can be granted, it is **RECOMMENDED** that Stout Street's Motion to Dismiss (Doc. 14) as to those Counts be **GRANTED**. It is further **RECOMMENDED** that the District Court decline to exercise

---

[1] Stout Street indicates in its motion to dismiss that it seeks dismissal Plaintiffs' federal claims. (Doc. 14 at 2). The undersigned notes that only the first three claims in Plaintiffs' Complaint seek relief under federal law. (*See* Doc. 1 at ¶¶ 25-38 (TILA), ¶¶ 39-58 (HOEPA), and ¶¶ 59-64 (RESPA)). Therefore, in determining whether Plaintiffs' claims arising under federal law fail to state a claim upon which relief can be granted, the undersigned will address these counts.

1

supplemental jurisdiction over Plaintiffs' remaining state law claims and that the state claims be **DISMISSED WITHOUT PREJUDICE**. Finally, it is **RECOMMENDED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 19) be **DENIED**.

## BACKGROUND

On July 30, 2012, No Straw, LLC and James Watson ("Plaintiffs") filed a Complaint (Doc. 1) alleging that Stout Street violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and 12 C.F.R. §§ 226.1 *et seq.* ("Regulation Z"), the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, in connection with an April 28, 2011 loan transaction. (*See* Compl. at ¶¶ 25-60). In addition, Plaintiffs alleged that Atlanta Private Lending, LLC ("APL") and James Melton violated TILA, HOEPA, and RESPA in connection with the same loan transaction. (*Id.*). Plaintiffs also asserted various state law claims against all the parties, including fraud in the inducement and a petition to quiet title. (*Id.* at ¶¶ 65-88).

On November 13, 2012, APL and Melton filed an Answer to the Complaint (Doc. 9) and a partial motion to dismiss for failure to state a claim (Doc. 10). In the partial motion to dismiss, APL and Melton sought dismissal of all of Plaintiffs' claims arising under federal law. (*Id.* at 2). In a December 11, 2012 Report and

Recommendation, the undersigned recommended that the District Judge grant APL and Melton's partial motion to dismiss (Doc. 12), and on January 11, 2013, the District Judge adopted the Report and Recommendation as the opinion and order of the Court. (Doc. 23). Therefore, the only claims pending against Defendants APL and Melton are Plaintiffs' state law claims.

On December 21, 2012, Stout Street filed an Answer to the Complaint (Doc. 15) and a motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 14). On January 10, 2013, Plaintiffs filed a motion for leave to file First Amended Complaint (Doc. 19) and an Amended Complaint (Doc. 20). A day later, Plaintiffs filed a response in opposition to Stout Street's motion to dismiss (Doc. 21). Stout Street filed a reply on January 24, 2013. (Doc. 27).

## **DISCUSSION**

### I.  Stout Street's Motion to Dismiss Plaintiff's Complaint

Stout Street asserts that Count One, Two, and Three of Plaintiffs' Complaint, all of which arise under federal law, should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 14 at 3). Additionally, Stout Street moves the Court under FED. R. CIV. P. 12(b)(1) to dismiss Plaintiffs' remaining state law claims on the grounds that the Court lacks subject matter jurisdiction. (*Id.*).

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." That standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To state a claim that can survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. A complaint is not sufficient "if it tenders [only] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). To be plausible, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Boyd v. Peet*, 249 Fed. Appx. 155, 157 (11th Cir. 2007) (unpublished decision) (affirming the district court's order granting a motion for

judgment on the pleadings and explaining that "[t]he complaint's allegations must plausibly suggest that the defendant has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed").

### A. Plaintiffs' TILA, Regulation Z, and HOEPA Non-Disclosure Claims

Plaintiffs allege that Stout Street failed to properly disclose required notices pursuant to TILA, Regulation Z, and HOEPA, and seek rescission of the loan and damages. (*See* Doc. 1 at ¶¶ 34, 49). Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit …." 15 U.S.C. § 1601(a); *see also Household Credit Servs., v. Pfennig*, 541 U.S. 232, 235, 124 S.Ct. 1741, 158 L.Ed.2d 450 (2004) (Congress enacted TILA "in order to promote the 'informed use of credit' by consumers" (quoting 15 U.S.C. § 1601(a))). Generally, TILA and its implementing regulations, 12 C.F.R. §§ 226.1 *et seq.* (Regulation Z), require that a consumer in a closed-end credit transaction be provided "clearly and conspicuously in writing" "material disclosures" of certain terms relating to the subject transaction, including, among other things, the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule. *See* 15 U.S.C. § 1638; 12 C.F.R. §§ 226.17, 226.18, 226.23 (a)(3) n. 48.

"HOEPA is an amendment to TILA that requires lenders to make additional disclosures on 'high cost' loans." *Frazier v. Accredited Home Lenders, Inc.*, 607 F.Supp.2d 1254, 1256 (M.D. Ala. 2009) (citing 15 U.S.C. § 1639). "HOEPA, as a 1994 amendment to TILA, provides additional truth-in-lending disclosure requirements applicable to closed-end home equity loans characterized by high interest rates and/or up-front transaction fees." *Bryant v. Mortg. Capital Res. Corp.*, 197 F.Supp.2d 1357, 1360 n.4 (N.D. Ga. 2002).

TILA's application is limited to "consumer" credit transactions which are defined as transactions "in which the party to whom credit is offered or extended is a *natural person,* and the money, property or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1602(h) (emphasis added); 12 C.F.R. § 226.2(11). *See also American Exp. Co. v. Koerner*, 452 U.S. 233, 241, 101 S.Ct. 2281, 2286, 68 L.Ed.2d 803 (1981) (noting that in every consumer credit transaction the party to whom credit is extended must be a natural person). "Credit transactions involving extensions of credit primarily for business [or] commercial … purposes, or to … organizations" are exempted by TILA. 15 U.S.C. § 1603(1); 12 C.F.R. § 226.3(a). An organization is defined as "a corporation … partnership, cooperative, or association." 15 U.S.C. § 1602(c).

In the present case, the undersigned finds that TILA, Regulation Z, and HOEPA do not apply because the loan at issue was not extended to a natural person. It is undisputed that the loan was made to No Straw, a limited liability company. (*See* Ex. 1 to Doc. 1). Therefore, because No Straw, LLC is not a "natural person," the subject loan is not a consumer credit transaction, and TILA does not apply. *See Betskoff v. Bank of America, N.A.*, Civil No. CCB–12–1998, 2012 WL 4960099, at *4 (D.Md. Oct. 15, 2012) (holding that TILA does not apply to a transaction involving a limited liability company because a limited liability company is not a "natural person"); *see also Timber Doodle Glade Equity Venture, LLC v. D.E. Shaw Laminar Lending, Inc.*, No. 06-cv-00799-WDM-CBS, 2007 WL 2009723, at *5 (D.Colo. July 6, 2007) (stating that TILA is "unambiguous and do[es] not apply to a loan to a[] [limited liability company]").

In opposition, Plaintiffs argue that the present loan should be considered a consumer credit transaction and therefore subject to TILA because the "loan was made to a natural person, in that No Straw, LLC is merely the alter ego of James Watson … [who] is the sole manager and member of No Straw, LLC." (Doc. 18-2 at 7-8). Plaintiffs have cited no legal or statutory authority for the proposition that a limited liability company can be regarded as a natural person for purposes of TILA, and TILA's language exempting credit transactions to organizations is

unambiguous. *See* 15 U.S.C. § 1603(1); 12 C.F.R. § 226.3(a). As such, the undersigned finds Plaintiffs' argument unconvincing.

Equally unconvincing is Plaintiffs' assertion that Plaintiff James Watson should have the right to rescind the loan transaction under TILA because he is the guarantor of the loan, and the deed to secure debt is placed against his primary residence. (Doc. 18-2 at 8-11). In interpreting TILA, The Federal Reserve Board has stated:

> The exemption for transactions in which the borrower is not a natural person applies, for example, to loans to corporations, partnerships, associations, churches, unions, and fraternal organizations. *The exemption applies regardless of the purpose of the credit extension and regardless of the fact that a natural person may guarantee or provide security for the credit.*

Official Staff Commentary, 12 C.F.R. Part 226, Supp. I § 226.2.3 (1981) (emphasis added); 46 FR 50288, Oct. 9, 1981. Federal Reserve Board opinions construing TILA, "unless demonstratably irrational … should be dispositive." *Bury v. Marietta Dodge*, 692 F.2d 1335, 1338 (11th Cir. 1982) (quoting *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565, 100 S.Ct. 790, 797, 63 L.Ed.2d 22 (1980)). Therefore, because the foregoing opinion is not demonstratably irrational, the undersigned concludes that the loan transaction is exempted from TILA regardless

of the fact that Plaintiff James Watson guaranteed the loan and provided his primary residence as security for the credit.[2]

Accordingly, it is **RECOMMENDED** that Stout Street's motion to dismiss Plaintiffs' TILA, Regulation Z, and HOEPA claims be **GRANTED**.

### B. Plaintiffs' RESPA Claim

Plaintiffs allege that Stout Street violated RESPA by failing to provide a good faith estimate at least three days before the closing of the loan. (Doc. 1 at ¶ 61). Congress passed RESPA "to effect certain changes in the settlement process for residential real estate," including, among other things, the provision of "more effective advance disclosure to home buyers and sellers of settlement costs," and "the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services …." 12 U.S.C. § 2601(b). Among other things, RESPA requires lenders to include "a good faith estimate of the amount or

---

[2] In their response brief, Plaintiffs cite to "Supplement I to Part 226 – Official Staff Interpretations on 226.2 – Definitions and Rules of Construction" to support their argument that Plaintiff James Watson should be declared a consumer and therefore authorized to execute the right of rescission. (Doc. 18-2 at 9-10). The undersigned finds that the cited material fails to support Plaintiffs' position. While the staff interpretation states that "for purposes of rescission … a consumer includes any natural person whose ownership interest in his or her principal dwelling is subject to the risk of loss," this language does not apply to the present case because a natural person does not have an ownership interest in the subject property, seeing that the property is owned by No, Straw, LLC, not James Watson. (Doc. 20 at ¶ 80).

range of charges for specific settlement services the borrower is likely to incur in connection with the settlement ...." 12 U.S.C. 2604(c).

Plaintiffs' claim that Stout Street failed to provide a good faith estimate at least three days before closing is governed by 12 U.S.C. 2604(c). RESPA, however, does not provide for a private cause of action for violations of 12 U.S.C. 2604(c). *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997) (noting that 12 U.S.C. § 2604(c) does not explicitly authorize a private remedy and finding that there also is no "implied civil remedy" under that section for failure to provide a good faith estimate); *see also Tejada v. Countrywide Home Loans, Inc.*, No. 08–61979–CIV, 2009 WL 2046138, at *1 (S.D. Fla. July 9, 2009) (holding that plaintiff's claim based on an alleged failure to provide a good faith estimate within three days of the loan application "fails as a matter of law" because there is no private remedy under 12 U.S.C. § 2604(c)).

Accordingly, it is **RECOMMENDED** that Stout Street's motion to dismiss Plaintiffs' RESPA claim be **GRANTED**.

### C. Plaintiffs' Remaining State Law Claims Against Stout Street

Having recommended the dismissal of Plaintiffs' federal claims, the undersigned must now determine whether the Court should exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(a). "[W]ith the dismissal of Plaintiffs' federal claim[s], there remains no independent original

federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against [Stout Street]." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). [3]

While dismissal of Plaintiffs' federal claims "does not deprive the Court of supplemental jurisdiction over the remaining state law claims ... under 28 U.S.C. § 1367(c), the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the Court has dismissed all claims over which it had original jurisdiction." *Lane v. Terry*, No. 1:08–CV–3781–TWT–WEJ, 2010 WL 2721896, at *19 (N.D. Ga. June 4, 2010) (quoting *Baggett*, 117 F.3d at 1342). In determining whether to exercise supplemental jurisdiction over remaining state law claims, "a court should consider the interests of judicial economy, convenience, fairness to the litigants, and comity." *Ross v. Metropolitan Church of God*, 471 F.Supp.2d 1306, 1312 (N.D. Ga. 2007). In circumstances where "the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court

---

[3] Because Plaintiff James Watson and Defendant James Melton are both citizens of Georgia, diversity jurisdiction is not present. *See EMX Intern., LLC v. G2 Associates, LLC*, No. 6:12–cv–1818–Orl–36DAB, 2012 WL 6721004 (M.D. Fla. Dec. 6, 2012) ("[Diversity jurisdiction] exists only when there is complete diversity between the plaintiff and the defendant and the amount in controversy requirement is met … In order to achieve complete diversity no party plaintiff may be a citizen of the same state as any of the defendants.").

should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (quotation omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Here, having dismissed all of Plaintiffs' federal claims, the undersigned recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See Arnold v. Tuskegee Univ.*, 212 Fed. Appx. 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."); *see also L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) ("Indeed, if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims."). "Resolution of Plaintiffs' state law claims depends on determinations of state law. State courts, not federal courts, should be the final arbiters of state law … This is especially true here where the Court is dismissing Plaintiffs' federal law claim[s] prior to trial." *Baggett*, 117 F.3d at 1353.

In light of the foregoing, it is **RECOMMENDED** that the District Judge decline to exercise supplemental jurisdiction over Plaintiffs' state law claims and that the state claims be **DISMISSED WITHOUT PREJUDICE**.

### D. Plaintiffs' Remaining State Law Claims Against APL and Melton

If the District Judge accepts the undersigned's recommendation to dismiss the federal claims against Stout Street and to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against Stout Street, the only remaining claims left in this action will be Plaintiffs' state law claims against APL and Melton. The District Court "*sua sponte* may raise a jurisdictional defect at any time." *Fallin v. Mindis Metals, Inc.*, 865 F.Supp. 834, 841 (N.D. Ga. 1994). Because Plaintiffs' federal claims against APL and Melton have been dismissed (*see* Doc. 23), the undersigned **RECOMMENDS** that the District Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against APL and Melton and that the state claims be **DISMISSED WITHOUT PREJUDICE**. *See Murphy v. City of Aventura*, 383 Fed.Appx. 915, 918-919 (11th Cir. 2010) (per curiam) (holding that the district court did not abuse its discretion when it *sua sponte* dismissed the plaintiff's state law claims because "[t]here was no reason for the district court to exercise supplemental jurisdiction over the state law claims after the court dismissed the federal claims over which it had original jurisdiction"); *see also Fallin*, 865 F.Supp. at 841-842 (dismissing *sua sponte*

plaintiff's remaining state law claims after dismissal of the plaintiff's underlying federal claim).

## II. Plaintiffs' Motion for Leave to File First Amended Complaint

In their Motion For Leave to File First Amended Complaint (Doc. 19), Plaintiffs' argue that the Court should grant leave to amend because there has been no undue delay, there will be no prejudice to Stout Street, APL, or Melton as a result of the Amended Complaint, and because the claims asserted in the Amended Complaint are not futile. (Doc. 19 at 5-6). Plaintiffs' Amended Complaint does not add any additional claims, but it does "provid[e] additional factual detail and exhibits in order to support the claims, t [sic] and to correct minor factual details." (*Id.* at 4-5).

"After a responsive pleading has been filed, subsequent amendments are permissible only with the opposing party's written consent or the court's leave, which the court 'should freely [] give when justice so requires.' " *Alhallaq v. Radha Saomai Trading, LLC*, 484 Fed. Appx. 293, 298 (11th Cir. 2012) (citing FED. R. CIV. P. 15(a)(2)).[4] A district court is free to deny leave "where there is

---

[4] Plaintiffs proposed amendment was not timely as a matter of course. Plaintiffs' filed their Motion For Leave to File First Amended Complaint (Doc. 19) over 21 days after APL and Melton filed their Answer to the Complaint (Doc. 9). *See* FED. R. CIV. P. 15(a)(1)(B). Furthermore, even if Plaintiffs had the right to amend as a matter of course as to Stout Street, Plaintiffs waived that right by choosing to file a motion to amend rather than simply filing the Amended Complaint without seeking leave. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010);

'substantial reason for doing so, such as where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile." *Id.*

In regards to futility, the denial of leave to amend is justified "when the [amended] complaint is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (internal citations omitted). Since "justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

A review of the additional details and exhibits added by Plaintiffs to their proposed Amended Complaint shows that it fails to overcome the deficiencies of the original Complaint, therefore making the proposed amendment futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

---

*see also Toenniges v. Georgia Dept. of Corrections*, No. 12–12895, 2012 WL 6698740, at *1 (11th Cir. Dec. 12, 2012) ("In *Coventry First*, [the Eleventh Circuit] held that a plaintiff waives the right to amend his complaint as a matter of course if he chooses to file a motion to amend instead of filing the amended complaint as a matter of course.").

The foregoing discussion of Plaintiffs' claims demonstrates that granting an opportunity to amend would be futile because the loan transaction at issue in this case is exempted from TILA, HOEPA, and Regulation Z, and RESPA does not provide a private cause of action. Additionally, the remaining state law claims should be dismissed "because they would be subject to dismissal under 28 U.S.C. § 1367(c)." *Couch v. Marshall*, No. 2:11CV950–MHT, 2012 WL 1677478, at *5 (M.D. Ala. May, 14, 2012); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (noting that the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial").[5] Therefore, having found that the amendment would be futile, the undersigned **RECOMMENDS** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 19) be **DENIED**.

## CONCLUSION

It is **RECOMMENDED** that Stout Street's Motion to Dismiss (Doc. 14) as to Count One, Two, and Three of Plaintiffs' Complaint i.e., Plaintiffs' federal claims, be **GRANTED**. It is further **RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims against all Defendants and that the state claims be **DISMISSED WITHOUT**

---

[5] The undersigned also notes that the Plaintiffs have stated that they would not object to dismissal of the state law claims without prejudice in the event that the Court dismisses Plaintiffs' federal claims. (Doc. 21 at 21).

**PREJUDICE**.  Finally, it is **RECOMMENDED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 19) be **DENIED**.

Also pending before the Court is Stout Street's Motion for Sanctions (Doc. 16).  In light of the undersigned's recommended dismissal of all the remaining claims in this case, the undersigned **ORDERS** Stout Street to file by February 19, 2013 a status report indicating whether it wishes to move forward with its motion for sanctions or withdraw the motion.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 4th day of   February  , 2013.

_____
J. CLAY FULLER
United States Magistrate Judge