IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| NO STRAW, LLC & JAMES WATSON, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:12-CV-0182-RWS-JCF |
| STOUT STREET FUNDING, LLC, | : | |
| ATLANTA PRIVATE LENDING, LLC | : | |
| and JAMES MELTON | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This case is before the undersigned on a motion to enforce settlement agreement (Doc. 33) filed by Atlanta Private Lending, LLC ("APL") and James Melton ("Melton").   Because the facts show that APL and the No Straw Parties entered into a binding settlement agreement, it is **RECOMMENDED** that APL's motion be **GRANTED**.

## BACKGROUND

The factual background underlying this litigation is set out in two previous report and recommendations, (Docs. 12 and 31), and need not be extensively revisited here.  Resolving the pending motion only requires consideration of a few new facts and some recent procedural developments.

On December 11, 2012, the undersigned issued a Non-Final Report and Recommendation ("R&R") that recommended a motion to dismiss the federal claims against APL and Melton be granted. (Doc. 12).  The district judge adopted this R&R as an Order of the Court on January 11, 2013. (Doc. 26).  This Order disposed of federal claims against Melton and APL, but various state law claims remained pending.  At that time, there was no need to address the state law claims against APL and Melton because other federal claims remained pending against Defendant Stout Street Funding, LLC ("Stout Street").

Shortly thereafter, Stout Street filed its own motion to dismiss.  (Doc. 14). In an R&R filed February 4, 2013, the undersigned recommended granting Stout Street's motion to dismiss the federal claims against it.  (Doc. 31).  If the district judge adopted that R&R, then no federal claims would remain in this action, so the R&R addressed whether the Court should exercise jurisdiction over the remaining state law claims, and recommended that all the state law claims be dismissed without prejudice.  (Doc. 31).  Neither Plaintiffs nor Stout Street objected to the second R&R, but APL and Melton did.  (Doc. 34).

In particular, APL and Melton objected only to the extent that dismissing the remaining state law claims without prejudice would be improper, as Plaintiffs, APL and Melton had agreed to a settlement.  (Doc. 34 at 1-2).  To support this

contention APL and Melton point to an email from Plaintiffs' counsel dated January 15, 2013 which states:

> Adam,
>
> I have spoken with my client and obtained approval for a settlement on the following terms:
>
> 1) mutual release and dismissal with prejudice of all past, present and future claims with confidentiality and non-disparagement provisions including release of both plaintiffs, APL and Melton arising out of the loan in question and the litigation concerning it;
>
> 2) release from any claims for attorney's fees, costs or expenses of litigation under any theory such as Rule 11 or other for both my firm and Plaintiffs.
>
> The idea here is that your client and mine walk away mutually with no party having any remaining claims against the other.
>
> Agreement to be fully reflected in full document with customary language on the above elements.   Let me know your thoughts. Thanks.

(*See* Doc. 33-1, Caskey Aff. at ¶ 5).   The next day, through counsel, APL and Melton accepted the offer.   (*Id.* at ¶ 6).   After APL and Melton prepared a draft settlement agreement, Plaintiffs' counsel stated that his clients had refused to comply with the terms of the agreement.   (*Id.* at ¶ 10).

Plaintiffs filed no opposition to the motion, despite being afforded an extension of time within which to do so.   (Doc. 41).

## DISCUSSION

### I.    The Governing Legal Standard

By virtue of its inherent power, a district court may "summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991). State law governs whether to enforce an alleged agreement to settle a pending lawsuit. *Lexington Nat'l Bail Svcs., Inc. v. Spence*, 1:03-cv-2904-JEC, 2007 WL 951767 at *4 (N.D. Ga. Mar. 28, 2007) (citing *Hayes v. National Service Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999)). Under Georgia law, an agreement to settle a case must meet "the same requisites of formation and enforceability as any other contract." *Earthlink, Inc. v. Pope*, 1:03-cv-2559-JOF, 2007 WL 788427 at *2 (N.D. Ga. Mar. 14, 2007) (citing *Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). Assent to the terms of an agreement can be implied from the circumstances, and conduct inconsistent with a refusal of the terms raises a presumption of assent upon which the other party can rely. *Id.* Importantly for the resolution of the pending motion, "an attorney's consent to a settlement agreement is generally binding upon his client." *Lexington Nat'l Bail Svcs.*, 2007 WL 951767 at *4.

**II.    The Settlement Agreement Should Be Enforced So Dismissal of The State Law Claims Should Be With Prejudice.**

Applying these principles to the present facts leads to a conclusion that the parties had a binding settlement agreement.  The terms themselves are remarkably simple as reflected by the January 15, 2013 email set out above.  The terms have no monetary component -- the hostilities simply cease.  This kind of deal is frequently called a "walk away."  *Cf.* JAMES GANG, *Walk Away, on* THIRDS (ABC Records 1971) ("Seems to me, you don't wanna talk about it, seems to me, you just turn your pretty head and walk away").  The only evidence in the record is that Plaintiffs proposed the terms, and that APL and Melton accepted them.  (*See* Doc. 33-1).  Nothing suggests that APL and Melton tried to insert different material terms into the agreement.  *See McReynolds v. Krebs*, 290 Ga. 850, 853, 725 S.E.2d 584, 588 (2012), reconsideration denied (Apr. 11, 2012) ("To constitute a contract, the offer must be accepted unequivocally and without variance of any sort").  Instead, the facts here suggest that for some reason that is not apparent from the record, Plaintiffs experienced buyer's remorse and wanted to get out of the deal.  Once APL and Melton accepted Plaintiff's terms, it was too late to back out.

## CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that Defendant APL and Melton's motion to enforce the settlement (Doc. 33) be **GRANTED** and that any dismissal of the claims against APL and Melton be **with prejudice.**

**IT IS SO RECOMMENDED** this  14th   day of   March  , 2013.

       /s/  *J. C*LAY *F*ULLER
      J. CLAY FULLER
      United States Magistrate Judge